### CLAY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.  July 29, 1922.)

No. 6070.

Indians ☞13—Husband held not entitled to allotments as heir of wife and daughter.

  Where mother, who had received an allotment as a member of the Omaha Tribe of Indians under Act Aug. 7, 1882, was entitled to additional allotment under Act March 3, 1893, and daughter, who was entitled to an allotment under such statute, died before allotments were made, a surviving husband and father was not entitled to allotments as their heir at law, in action under Act Aug. 15, 1894, subsequent to enactment of Act May 11, 1912; such act of 1912 having cut off his right to allotment.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by John Henry Clay against the United States.  From the decree rendered, plaintiff appeals.  Affirmed.

Thomas L. Sloan, of Walthill, Neb. (E. J. Smith, of Winnebago, Neb., on the brief), for appellant.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

CARLAND, Circuit Judge.  Appellant brought this action under the provisions of Act Cong. Aug. 15, 1894 (28 Stat. 305), claiming that he had been unlawfully denied by the United States of certain allotments of land as heir at law of Emily Guitar Clay and Amelia Clay, members of the Omaha Tribe of Indians.  A decree was rendered against him, and he has appealed.

The material facts are as follows:  Appellant, a Winnebago Indian, early in 1892, married Emily Guitar, a member of the Omaha Tribe of Indians.  As a result of this marriage, there was born to them on November 11, 1892, a daughter, Amelia.  The mother died July 17, 1893, leaving as her heirs appellant and said Amelia.  Amelia died November 11, 1893, leaving appellant as sole heir of the estate of the mother and daughter.  Prior to the death of the mother, there was allotted and patented to her as a member of the Omaha Tribe, lot 1, section 15, township 25 N., range 6 E. 6th P. M., containing 47.38 acres, under the Act of Congress of August 7, 1882 (22 Stat. 341).  Subsequent to the death of Amelia, this allotment was sold and the proceeds turned over to appellant, who now claims the right to be allotted 80 acres of land as the heir of Amelia in her own right and 40 acres in right of the mother, descending to the daughter under the provisions of the Act of March 3, 1893 (27 Stat. 612), providing for additional allot-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ments for individual Omaha Indians out of lands remaining unallotted after allotments were made pursuant to the Act of August 7, 1882.

On March 3, 1893, the mother was a married woman and entitled to an additional allotment of 40 acres under the Act of March 3, 1893. The daughter was born after the passage of the Act of August 7, 1882, and was living on March 3, 1893, and entitled to an allotment under the act of that date of 80 acres. The mother and daughter died before any allotment was made and recorded to either one of them, under the act of 1893, and there is no record of the approval of any such allotments. The particular lands which the evidence might tend to show was attempted to be selected were allotted to other persons. The United States denied the right of appellant to an allotment, for the reason that the persons entitled thereto, the mother and daughter, had died before any allotments were made. Woodbury v. U. S., 170 Fed. 302, 95 C. C. A. 498; La Roque v. U. S., 239 U. S. 62, 36 Sup. Ct. 22, 60 L. Ed. 147. These cases support the proposition that, until the allotments were made, the right thereto was a mere float, and from its nature would not descend to heirs. Whether those cases are conclusive as to the rights of appellant in this case need not be determined, as we are clearly of the opinion that the Act of May 11, 1912 (37 Stat. 111), as construed by the Supreme Court in the case of Hiram Chase, Jr., v. U. S., 256 U. S. 1, 41 Sup. Ct. 417, 65 L. Ed. 801 (April 11, 1921), cut off all right of appellant to an allotment under the act of 1893.

The decree appealed from is therefore affirmed.